IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY T. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-983-SLR |
| | ) |
| BRANDYWINE COUNSELING | ) |
| METHODONE CLINIC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of July, 2013, having screened the case pursuant to 28 U.S.C. § 1915(e)(2);

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for the reasons that follow:

1. **Background.** Plaintiff was a participant in a methadone clinic run by the Brandywine Counseling & Community Services ("Brandywine Counseling"). He was dismissed from the program after he became upset when he did not receive bus tickets that were assigned to provide him transportation to the clinic. Without the bus tickets, plaintiff was unable to get his daily dose of methadone. Plaintiff complains that he was "continually put off" and the matter was "not investigated." After several weeks of attempting to obtain the tickets, plaintiff confronted the individual responsible for dispensing the tickets and told her what he "really thought of her." As a result, plaintiff was detoxed from the program in one week, told to attend anger management, and was not allowed to return to the program for seven months. Plaintiff has tried on four occasions to return to the program, all to no avail, even though he explained that "it

wasn't his fault." Plaintiff alleges discriminatory and unfair proceedings related to the treatment program by virtue of "equal rights of public services to any and all persons under state and federal jurisdiction."

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on

Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff does not indicate under which statute he proceeds. To the extent he claims discrimination under 42 U.S.C. § 1983, the claims fail. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

7. Brandywine Counseling is a non-profit corporation, not a state agency. *See* http://www.brandywinecounseling.org/about-us. Nor are its employees, defendants Director of Program and Bus Pass Provider, state actors. They are private individuals who are employed by Brandywine Counseling. None of the defendants are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

8. To the extent that plaintiff asserts a discrimination claim under any other statute, the claims also fail. The allegations in the complaint do not indicate that plaintiff was removed from the methadone program by reason of discrimination. Rather, plaintiff was dismissed from the program because of acts taken by him towards

4

the individual who dispensed the bus passes and, upon completion of anger management, he may return to the methadone program.  The complaint does not show an entitlement to relief.  Even given the latitude accorded *pro se* pleadings, the filing is devoid of any possible merit as to be frivolous.  Therefore, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

9. **Conclusion**.  For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The court finds amendment futile.  The clerk of court is directed to close the case.

_____<br>UNITED STATES DISTRICT JUDGE